CHRISTINA COLPAERT, PLAINTIFF-APPELLANT, v. VIN-
CENT J. COLPAERT, Sr., DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 20, 1958—Decided January 22, 1958.

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. Albert L. Cohn* argued the cause for appellant (*Mr. David Cohn,* attorney; *Mr. Albert L. Cohn,* on the brief).

*Mr. Archibald Kreiger* argued the cause for respondent (*Mr. Samuel L. Biber,* attorney).

PER CURIAM. Plaintiff appeals from that part of a Chancery Division judgment of limited divorce entered in her favor on the ground of defendant's extreme cruelty, directing defendant to pay her $21 support a week plus extraordinary medical expenses, and further ordering that he pay her attorney $200 counsel fee and costs to be taxed.

\* \* \* \* \* \* \* \* \*

[The court concluded that the support award and the counsel fee allowance were not unreasonable. The proofs establish that the trial judge did not abuse discretion. In view of plaintiff's many years of poor health, the court held that it would be more practical for the judgment to provide that defendant pay for all her reasonably necessary medical and dental services.]

\* \* \* \* \* \* \* \* \*

We observe, finally, that plaintiff's attorney did not serve a copy of the notice of appeal on the trial court, as directed by *R. R.* 1:2–8(*a*). True, the requirement is not jurisdictional, but it is one that should be strictly adhered to. The purpose of serving the trial judge with the notice of appeal is obviously—and *R. R.* 1:2–8(*h*) spells this out—to afford him the opportunity to "file and transmit to the parties a written opinion stating his findings of fact and conclusions of law, or an amplification of any prior statement, opinion or memorandum filed pursuant to *Rule* 4:53–1."

The trial court's findings of fact and conclusions of law are always important to the appellate process, for they give us the rationale for the court's action. Observance of the requirement of the rule is not only in aid of our review but is dictated by considerations of fairness to the trial judge, who should know that his order or judgment is up for review and have the opportunity to spread upon the record the reasons which prompted his action.

To comply with *R. R.* 1:2–8(*a*) counsel for the appellant need do nothing more than mail to the trial judge a copy of the notice of appeal. Failure to discharge so simple and mechanical a requirement merits our refusal to hear the appeal until there has been compliance. In this case the deficiency had to be called to the attention of counsel after the coming in of the appendix and brief, so that through the cooperation of the trial judge we have belatedly, but not in time for our own preparation for oral argument, received his letter memorandum setting out his reasons for the judgment.

In the future we will not hesitate to refuse to hear an appeal where the trial judge has not been noticed, until *R. R.* 1:2–8(*a*) has been satisfied and the judge given an opportunity to file his findings and conclusions.

The judgment, as modified in respect to medical and dental expenses, is affirmed. There will be no counsel fee allowed plaintiff's attorney on this appeal.